UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SHANNON SWEENEY-WALKER
1704 11th Street
Racine, Wisconsin 53403

      Plaintiff,

v.

THE LANAGAN GROUP LLC
d/b/a THE CLEANING AUTHORITY
W67N222 Evergreen Boulevard, Suite 115
Cedarburg, Wisconsin 53012

      Defendant

Case No: 20-cv-1800

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Shannon Sweeney-Walker, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), under the Fair Labor Standards Act, as amended, FLSA, 29 U.S.C. § 201 *et seq.*, and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Shannon Sweeney-Walker, is an adult female resident of the State of Wisconsin residing in Racine County with an address of 1704 11th Street, Racine, Wisconsin 53403.

4. Defendant, The Lanagan Group LLC d/b/a The Cleaning Authority, is a Wisconsin corporation with a principal place of business of W67N222 Evergreen Boulevard, Suite 115, Cedarburg, Wisconsin 53012.

5. Defendant is a cleaning company franchise.

6. During the relevant time periods as stated herein, Defendant was a covered employer for purposes of Title VII.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On or about February 13, 2018, Defendant hired Plaintiff into the position of Cleaner/Trainer.

14. During Plaintiff's employment with Defendant in the position of Cleaner/Trainer, Plaintiff reported directly to Chris Lanagan and Jennifer Lanagan, Owners.

15. On or about October 4, 2017, Plaintiff filed a complaint with the Wisconsin Department of Workforce Development – Equal Rights Division (Labor Standards Bureau), designated as ERD Case No. LS201701805, alleging that Defendant's previous owners, Oleson Enterprises, Inc. d/b/a The Cleaning Authority (hereinafter "Oleson"), failed to pay her overtime wages, minimum wages, and/or otherwise agreed-upon wages during her previous employment with Oleson.

16. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge of ERD Case No. LS201701805.

17. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge that ERD Case No. LS201701805 had merit.

18. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge that Oleson owed Plaintiff approximately $1,274.72 in unpaid overtime wages, minimum wages, and/or otherwise agreed-upon wages.

19. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge that state and federal laws existed relating to compensating employees, including Plaintiff, with earned wages in the workplace.

20. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge that it was unlawful to fail to compensate employees,

including Plaintiff, with earned wages under state and federal law.

21. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge that it was unlawful to make adverse employment decisions against employees, including Plaintiff, because they complained of unpaid overtime wages, minimum wages, and/or otherwise agreed-upon wages.

22. On or about February 20, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission – Milwaukee Area Office ("EEOC"), designated as EEOC Charge No. 443-2018-00131, alleging, among other things, that Defendant's previous owners, Oleson Enterprises, Inc. d/b/a The Cleaning Authority, subjected her to a hostile work environment and harassed her because of her sex and terminated her employment because of her sex.

23. During Plaintiff's employment with Defendant, Chris Lanagan and Jennifer Lanagan were aware and/or had knowledge of EEOC Charge No. 443-2018-00131.

24. On or about April 16, 2018, Chris Lanagan met with Plaintiff. During this meeting, Lanagan offered to pay Plaintiff the $1,274.72 she was owed pursuant to ERD Case No. LS201701805 only if she also agreed to dismiss EEOC Charge No. 443-2018-00131. Plaintiff declined and Lanagan, visibly frustrated, ended the meeting.

25. In approximately the end of April 2018, Jennifer Lanagan met with Plaintiff. During this meeting, Plaintiff verbally complained to Lanagan that Defendant was compensating other, less experienced employees more than it was compensating her, including with higher hourly wages and more hours per workweek. In response, Defendant assigned Plaintiff to work alone (as opposed to being part of a team of crew of Cleaners as she had been previously), changed Plaintiff's work schedule, reduced Plaintiff's hours worked per workweek, and instructed Plaintiff to arrive to work after other employees.

26. In approximately May 2018, Jennifer Lanagan verbally informed Defendant's employees, including Plaintiff, that their employment with Defendant would be terminated if she or Chris Lanagan became aware that they were discussing wages, hourly rates of pay, and/or hours worked per workweek.

27. In approximately May 2018, Plaintiff asked Jennifer Lanagan to be placed back onto a team or crew of Cleaners and to have her scheduled hours per workweek increased. In response, Lanagan refused and told Plaintiff that she would continue to work alone in her customary scheduled hours per workweek because she did not want Plaintiff interacting or communicating with other employees and giving them "legal advice."

28. On or about June 8, 2018, Defendant terminated Plaintiff's employment.

29. On or about June 8, 2018, Defendant informed Plaintiff that it was accepting her two week notice of resignation effectively immediately, and that June 8, 2018 was Plaintiff's last day of employment with Defendant. Surprised, Plaintiff told Sandi, Office Manager, that she was not resigning her employment Defendant and that she had not previously tendered her notice resignation from Defendant. Regardless, Sandi informed Plaintiff that her employment with Defendant had ended.

30. Between on or about June 8, 2018 and June 12, 2018, Defendant asked Plaintiff to return to work at it, which Plaintiff agreed to do.

31. On or about June 12, 2018, Plaintiff returned to work at Defendant, but Defendant informed Plaintiff not to communicate with other employees, that it did not want her working for it, and generally made her working conditions intolerable.

32. On or about June 20, 2018 was Plaintiff's last day of actual work at Defendant.

33. On or about June 20, 2018, and because Defendant made it clear to Plaintiff that she was not wanted at Defendant and had no future there, and because Plaintiff reasonably believed that there was no chance for fair treatment or non-retaliation at Defendant, Plaintiff's employment with Defendant constructively ended.

34. On or about July 10, 2018, Plaintiff filed a complaint with the EEOC, designated as EEOC Charge No. 443-2018-02221, alleging that Defendant subjected her to different terms and conditions of employment and terminated her employment because she had opposed discrimination/harassment in the workplace and had previously filed EEOC Charge No. 443-2018-00131.

35. On June 28, 2019, the EEOC issued a Cause determination on EEOC Charge No. 443-2018-02221, stating that there is "reasonable cause to believe that there is a violation of Title VII, in that Charging Party was subjected to different terms and conditions of employment and constructively discharged because of retaliation for her filing a prior EEOC charge against the company and then refusing to withdraw it."

36. The EEOC issued Plaintiff a Notice of Right to Sue on EEOC Charge No. 443-2018-02221, dated September 23, 2020.

37. Plaintiff has exhausted all administrative remedies and filing requirements prior to bringing this action.

## FIRST CAUSE OF ACTION – TITLE VII RETALIATION (TERMS & CONDITIONS)

38. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

39. Defendant intentionally retaliated against Plaintiff for opposing sex discrimination and sex harassment in the workplace in the terms and conditions of her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and in reckless indifference to her federally protected rights.

40. Defendant intentionally retaliated against Plaintiff for filing EEOC Charge No. 443-2018-00131 in the terms and conditions of her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and in reckless indifference to her federally protected rights.

41. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost benefits, pain and suffering, emotional distress, and other employment benefits.

## SECOND CAUSE OF ACTION – TITLE VII RETALIATION (TERMINATION)

42. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

43. Defendant intentionally retaliated against Plaintiff for opposing sex discrimination and sex harassment in the workplace by terminating her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and in reckless indifference to her federally protected rights.

44. Defendant intentionally retaliated against Plaintiff for filing EEOC Charge No. 443-2018-00131 by terminating her employment, in violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e *et seq.*, and in reckless indifference to her federally protected rights.

45. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost benefits, pain and suffering, emotional distress, and other employment benefits.

## THIRD CAUSE OF ACTION – FLSA RETALIATION

46. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

47. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

48. ERD Case No. LS201701805 and Plaintiff's verbal complaints and conduct between February 2018 and June 2018, as stated herein, constituted "filing a complaint" within the meaning of the FLSA.

49. Defendant understood ERD Case No. LS201701805 and Plaintiff's verbal complaints and conduct between February 2018 and June 2018, as stated herein, to be assertions of her rights provided and protected by the FLSA.

50. Defendant violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff's employment because she made a complaint against Defendant relating to its alleged violations of the FLSA.

51. Defendant intentionally retaliated against Plaintiff by terminating her employment for exercising her rights under the FLSA, 29 U.S.C. § 201 *et seq.*

52. Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and, thus, Plaintiff is entitled to a three (3) year statute of limitations period preceding the date of filing of this Complaint, plus periods of equitable tolling.

53. The FLSA, 29 U.S.C. § 216(b), makes an employer who violates 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3), including without limitation: reinstatement, lost wages and other employment benefits, and an additional equal amount as liquidated damages.

54. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, punitive damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;
2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and
3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 6th day of December, 2020

                                                WALCHESKE & LUZI, LLC
                                                Counsel for Plaintiff

                                                **s/ *Scott S. Luzi***
                                                James A. Walcheske, State Bar No. 1065635
                                                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com